```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Heartland Jockey Club Ltd.,    :
et al.,
                               :
       Plaintiffs,
                               :
    v.                                  Case No. 2:09-cv-804
                               :
Penn National Gaming, Inc.,            JUDGE HOLSCHUH

       Defendant.              :


                              ORDER

   This matter is before the Court on the motion of non-parties LetOhioVote.org, Thomas E. Brinkman, Jr., David Hansen, and Gene Pierce (collectively, LetOhioVote.org) to stay enforcement of or, in the alternative, to modify subpoenas. This motion has been opposed by plaintiffs Heartland Jockey Club Ltd. and Charles J. Ruma (collectively, Heartland). For the following reasons, the motion will be denied as moot.

   The background of this case is discussed at some length in the Court's opinion and order denying the request of defendant Penn National Gaming, Inc. to phase discovery (#26). As a result, it will not be set forth in great detail here other than to provide a context for the current motion. Briefly, LetOhioVote.org, is the organization which litigated the issue of whether the placement of Video Lottery Terminals at a number of Ohio racetracks should be the subject of a referendum vote. State ex rel. LetOhioVote.org v. Brunner, 123 Ohio St. 3d 322 (2009). Heartland believes that Penn National supported LetOhioVote.org and that this support constitutes one aspect of Penn National's breach of the parties' option agreement. As discussed in the Court's previous order, part of the discovery Heartland plans to undertake focuses on Penn National's lobbying

efforts concerning whether it directly or indirectly lent support to the referendum effort.  To that end, and prior to the Court's order denying phased discovery, Heartland served document subpoenas on LetOhioVote.org

LetOhioVote.org's sole argument in support of a stay is essentially the same argument advanced by Penn National in support of its phased discovery request.  Heartland contends that the Court's discovery order renders this argument moot. LetOhioVote.org did not file a reply brief challenging Heartland's position on this issue.  The Court agrees that LetOhioVote.org's argument in support of a stay was fully addressed and rejected in its previous order.  Consequently, the Court will deny as moot LetOhioVote.org's motion for a stay.

Similarly, the Court will deny as moot the motion to modify the subpoenas which was, in essence, a request for an extension of time to respond.  LetOhioVote.org has now filed a motion to quash the subpoenas, but as noted above, it did not file a reply brief in support of its motion to stay or modify.  In light of this, the Court construes LetOhioVote.org's filing of a motion to quash as its intention to substitute that motion for its previous motion to stay or modify.  If LetOhioVote.org disagrees with the Court's interpretation of its intention, it shall notify the Court in writing within ten days.  Otherwise, the Court will consider the issues surrounding the subpoenas as raised by the parties in their briefs addressing the motion to quash.

Based on the foregoing, the motion to stay enforcement of, or in the alternative, to modify subpoenas (#20) is denied as moot.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge